1  **JAMES R. GREINER, ESQ.**
   CALIFORNIA STATE BAR NUMBER 123357
2  **LAW OFFICES OF JAMES R. GREINER**
   555 UNIVERSITY AVENUE, SUITE 290
3  SACRAMENTO, CALIFORNIA 95825
   TELEPHONE:(916) 649-2006
4  FAX: (916) 920-7951

5  ATTORNEY FOR DEFENDANT
   GUSTAVO BANUELOS
6

**FILED**

**JUN 13 2008**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

7
8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,      )     CR.-S-08-125-EJG
                                   )
11        PLAINTIFF,               )     STIPULATION AND ~~PROPOSED~~ ORDER
                                   )     TO CONTINUE STATUS CONFERENCE
12        v.                       )     TO AUGUST 29, 2008
                                   )
13  EDWARD ROSILLO ,et al.,        )
                                   )           C 1676
14                                 )
          DEFENDANTS.              )
15  _____  )

16
17        Plaintiff United States of America, by its counsel, Assistant United States

18  Attorney, Mr. Jason Hitt, and the defendants: 1- Edward Rosillo represented by his

    attorney, Mr. Evans D. Prieston; 2- defendant Samuel Nungaray represented by his
19
    attorney Mr. David W. Dratman; and 3- defendant Gustavo Banuelos  represented by
20
    his attorney, Mr. James R. Greiner, hereby stipulate and agree that the status
21
    conference calendared for Friday, June 13, 2008, at 10:00 a.m. before the Honorable
22
23  Senior  District Court Judge, Edward J. Garcia, shall be continued to Friday, August

24  29, 2008, at 10:00 a.m.

25        The Court's courtroom deputy, Ms. Colleen Lydon, was contacted and the date

26  was available on the Court's calendar. There is no trial date set and all three

    defendants are in custody.
27

28                                     1

1    The parties stipulate and agree that time shall be excluded from the speedy trial
2    act from Friday, June 13, 2008 to and including Friday, August 29, 2008, under Title
3    18 section 3161(h)(8)(B)(ii) and Local Code T-4 for attorney preparation in the case.
4    The status of the case is as follows:
5    On March 4, 2008 the government filed a sealed complaint against defendant
6    GUSTAVO BANUELOS. (See Docket # 1) The Court granted the government's
7    motion to seal the complaint. (See Docket # 3 and 4).
8    On March 7, 2008, the government filed a complaint against defendants
9    SAMUEL NUNGARAY and EDUARDO ROSILLO. (See Docket Entry # 1). These
10   defendants made their initial first appearance on March 7, 2008.
11   On March 10, 2008, the government moved to unseal the complaint against
12   defendant GUSTAVO BANUELOS and this defendant made his first appearance.
13   (See Docket Entries #'s 6 and 7).
14   On March 20, 2008, the government filed an Indictment in this case against all
15   three defendants, EDUARDO ROSILLO,  SAMUEL NUNGARAY and GUSTAVO
16   BANUELOS. (See Docket Entry # 10) On March 20, 2008, defendant SAMUEL
17   NUNGARAY appeared before the Magistrate and set a status conference date of
18   April 11, 2008. (See Docket Entry # 12) On that date a substitution of attorneys for
19   defendant SAMUEL NUNGARAY occurred. The Court signed the substitution of
20   attorney order. (See Docket Entry # 15) The case was set for a status conference on
21   April 11, 2008. (See Docket Entry # 12)
22   On March 24, 2008, defendant GUSTAVO BANUELOS was arraigned before
23   the Magistrate. (See Docket Entry # 18). The case was set for a status conference on
24   April 11, 2008. (See Docket Entry # 18)
25   On April 11, 2008, a status conference was held in this matter. The matter was
26   continued to May 2, 2008, with time excluded under the Speedy Trial Act under
27   Local Code T-4, time for defense counsel to prepare. (See Docket Entry # 19).
28

2

1    On April 30, 2008, the government filed a stipulation and proposed Order to
2  continue the case to June 13, 2008. (See Docket Entry # 23) The Court signed the
3  Stipulation and Ordered the case continued for a status conference to June 13, 2008.
4  (See Docket Entry # 24)

5    The parties now request a continuance of the status conference to Friday,
6  August 29, 2008, with the reasonable probability of change of pleas on that date. Two
7  of the three defendants have proposed plea agreements that counsel need to review
8  with their respective clients. The third defendant will have a proposed plea agreement
9  to review with his client. The reviewing of the plea agreements and the decision
10  whether to enter into a plea agreement is a critical stage of the criminal proceedings.
11  (Delva v. U.S., Slip Copy, 2008 WL 868241, page 8, S.D. Fla., 2008; citing to
12  Johnson v. Duckworth, 793 F.2d 898-900-02, (7th Cir) cert. denied 479 U.S. 937
13  (1986) and United State ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir, 1982)
14  and Beckman v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1991).

15    In the Seventh Circuit case of Johnson v. Ducklworth, supra, the Seventh
16  Circuit stated: "It is undisputed that a defendant has a constitutional right to
17  participate in the making of certain decisions which are fundamental to his defense.
18  (Citations omitted)  Included among these fundamental choices are the decisions to
19  forgo the assistance of counsel, Citations omitted) and to waive trial by jury
20  (Citations omitted). Similarly, the decision to plead guilty is one that must be made
21  by the defendant, and is not one in which an attorney may speak for his client without
22  consultation. (Citations omitted) Indeed, the courts that have considered the plea
23  agreement issue have generally concluded that the defendant has a right to be
24  informed about the plea agreement as part of his participation in the decision-making
25  process surrounding his defense. (Citations omitted)  In *United States ex rel. Caruso*
26  *v. Zelinsky,* for example, the Third Circuit affirmed the district court's conclusion that
27  an attorney's ""failure to communicate a plea bargain offer would deny [the

28                                                 3

1 defendant] his sixth and fourteenth amendment rights,"" noting that ""[i]t would seem
2 that, in the ordinary case, a failure of counsel to advise his client of a plea bargain
3 would constitute a gross deviation from accepted professional standards."" (Citations
4 omitted".

5      The Third Circuit in United State ex rel. Caruso v. Zelinsky, supra, stated : "In
6 general, the right to counsel attaches during ""critical stages"" of the criminal
7 process. (Citations omitted) We have held that entering a guilty plea to an indictment,
8 without the benefit of counsel, is a critical stage, and that the guidance of counsel is
9 so essential a protection for an accused during plea bargaining and in the making of a
10 decision to plead guilty that a plea enteredc without such guidance must be set
11 aside...."

12      What defense counsel are requesting is sufficient time to review the plea
13 agreement with each defendant, go over the complicated Advisory Sentencing
14 Guidelines with each defendant, answer the defendants questions about the plea and
15 how the advisory sentencing guidelines interact, answer questions about the evidence
16 that the government has in this case, answer questions about how probation
17 interviews are done and what the importance of probation interviews are and how the
18 Court ultimately makes the ruling on judgment and sentencing and is not a party to
19 any plea agreement.

20      The time requested by defense counsel will ensure that the defendant plea of
21 guilty is knowing, intelligent and voluntary.

22      This additional time will in the long run conserve and save precious judicial
23 resources that can be allocated else where, will conserve and save precious
24 department of justice resources that can be allocated else where.

25      Finally, this will allow both the government and the defense to explore the
26 issue of venue raised by the Court.

27      The parties stipulate and agree that time under the Speedy Trial Act

28                                          4

1  shall continue be excluded **from Friday, June 13, 2008,  up to and including**

2  **Friday, August 29,  2008, under** the Speedy Trial Act under Local Code T-4 (**time**

3  **for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

4  Respectfully submitted,

5  McGREGOR W. SCOTT
   UNITED STATES ATTORNEY

6
   /s/ Jason Hitt by e mail authorization

7  DATED: 6-11-08
   _____
8  JASON HITT
   Assistant United States Attorney
   Attorney for the Plaintiff
9
   /s/ Evans D. Prieston., by telephone authorization
10 DATED: 6-11-08
   _____
11 Evans D. Prieston
   Attorney for defendant EDWARD ROSILLO

12 /s/ David W. Dratman by e mail authorization
   DATED: 6-11-08
13 _____
   David W. Dratman
14 Attorney for defendant SAMUEL NUNGARAY

15 /s/ James R. Greiner
   DATED: 6-11-08
16 _____
   JAMES R. GREINER
17 Attorney for defendant GUSTAVO BANUELOS

18                          **ORDER**

19        **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

20

21  DATED: JUNE  *13* , 2008.

22

23

24

25  **EDWARD J. GARCIA**
    **UNITED STATES SENIOR**
26  **DISTRICT COURT JUDGE**

27

28                          5