**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
GUSTAVO BANUELOS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-08-125-EJG |
| ) | |
| PLAINTIFF, ) | STIPULATION AND ORDER |
| ) | TO CONTINUE STATUS CONFERENCE |
| v. ) | TO OCTOBER 10, 2008 |
| ) | |
| EDWARD ROSILLO ,et al., ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

    Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Jason Hitt, and the defendants: 1- Edward Rosillo represented by his attorney, Mr. Evans D. Prieston; 2- defendant Samuel Nungaray represented by his attorney Mr. David W. Dratman; and 3- defendant Gustavo Banuelos  represented by his attorney, Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for Friday, August 29, 2008, at 10:00 a.m. before the Honorable Senior  District Court Judge, Edward J. Garcia, shall be continued to Friday, October 10, 2008, at 10:00 a.m.

    The Court's courtroom deputy, Ms. Colleen Lydon, was contacted and the date was available on the Court's calendar. There is no trial date set and all three defendants are in custody.

1

1  The parties stipulate and agree that time shall be excluded from the speedy trial
2 act from Friday, August 29, 2008 to and including Friday, October 10, 2008, under
3 Title 18 section 3161(h)(8)(B)(ii) and Local Code T-4 for attorney preparation in the
4 case.
5  The status of the case is as follows:
6  On March 4, 2008 the government filed a sealed complaint against defendant
7 GUSTAVO BANUELOS. (See Docket # 1) The Court granted the government's
8 motion to seal the complaint. (See Docket # 3 and 4).
9  On March 7, 2008, the government filed a complaint against defendants
10 SAMUEL NUNGARAY and EDUARDO ROSILLO. (See Docket Entry # 1). These
11 defendants made their initial first appearance on March 7, 2008.
12  On March 10, 2008, the government moved to unseal the complaint against
13 defendant GUSTAVO BANUELOS and this defendant made his first appearance.
14 (See Docket Entries #'s 6 and 7).
15  On March 20, 2008, the government filed an Indictment in this case against all
16 three defendants, EDUARDO ROSILLO, SAMUEL NUNGARAY and GUSTAVO
17 BANUELOS. (See Docket Entry # 10) On March 20, 2008, defendant SAMUEL
18 NUNGARAY appeared before the Magistrate and set a status conference date of
19 April 11, 2008. (See Docket Entry # 12) On that date a substitution of attorneys for
20 defendant SAMUEL NUNGARAY occurred. The Court signed the substitution of
21 attorney order. (See Docket Entry # 15) The case was set for a status conference on
22 April 11, 2008. (See Docket Entry # 12)
23  On March 24, 2008, defendant GUSTAVO BANUELOS was arraigned before
24 the Magistrate. (See Docket Entry # 18). The case was set for a status conference on
25 April 11, 2008. (See Docket Entry # 18)
26  On April 11, 2008, a status conference was held in this matter. The matter was
27 continued to May 2, 2008, with time excluded under the Speedy Trial Act under
28

2

1  Local Code T-4, time for defense counsel to prepare. (See Docket Entry # 19).

2       On April 30, 2008, the government filed a stipulation and proposed Order to
3  continue the case to June 13, 2008. (See Docket Entry # 23) The Court signed the
4  Stipulation and Ordered the case continued for a status conference to June 13, 2008.
5  (See Docket Entry # 24)

6       On June 13, 2008, the Court held a status conference. The issue of jurisdiction
7  was addressed and resolved by the Court. The matter was continued to August 29,
8  2008, with time excluded under the Speedy Trial Act under Local Code T-4, time for
9  defense counsel to prepare. (See Docket Entry #28)

10      The parties now request a continuance of the status conference to Friday,
11 October 10, 2008, with the reasonable probability of change of pleas on that date.
12 Two of the three defendants have proposed plea agreements that counsel need to
13 review with their respective clients. The third defendant will have a proposed plea
14 agreement to review with his client. The reviewing of the plea agreements and the
15 decision whether to enter into a plea agreement is a critical stage of the criminal
16 proceedings. (Delva v. U.S., Slip Copy, 2008 WL 868241, page 8, S.D. Fla., 2008;
17 citing to Johnson v. Duckworth, 793 F.2d 898-900-02, (7th Cir) cert. denied 479 U.S.
18 937 (1986) and United State ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir,
19 1982) and Beckman v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1991).

20      In the Seventh Circuit case of Johnson v. Ducklworth, supra, the Seventh
21 Circuit stated: "It is undisputed that a defendant has a constitutional right to
22 participate in the making of certain decisions which are fundamental to his defense.
23 (Citations omitted)  Included among these fundamental choices are the decisions to
24 forgo the assistance of counsel, Citations omitted) and to waive trial by jury
25 (Citations omitted). Similarly, the decision to plead guilty is one that must be made
26 by the defendant, and is not one in which an attorney may speak for his client without
27 consultation. (Citations omitted) Indeed, the courts that have considered the plea

28                                         3

agreement issue have generally concluded that the defendant has a right to be informed about the plea agreement as part of his participation in the decision-making process surrounding his defense. (Citations omitted)  In *United States ex rel. Caruso v. Zelinsky,* for example, the Third Circuit affirmed the district court's conclusion that an attorney's ""failure to communicate a plea bargain offer would deny [the defendant] his sixth and fourteenth amendment rights,"" noting that ""[i]t would seem that, in the ordinary case, a failure of counsel to advise his client of a plea bargain would constitute a gross deviation from accepted professional standards."" (Citations omitted".

The Third Circuit in United State ex rel. Caruso v. Zelinsky, supra, stated : "In general, the right to counsel attaches during ""critical stages"" of the criminal process. (Citations omitted) We have held that entering a guilty plea to an indictment, without the benefit of counsel, is a critical stage, and that the guidance of counsel is so essential a protection for an accused during plea bargaining and in the making of a decision to plead guilty that a plea entered without such guidance must be set aside...."

What defense counsel are requesting is sufficient time to review the plea agreement with each defendant, go over the complicated Advisory Sentencing Guidelines with each defendant, answer the defendants questions about the plea and how the advisory sentencing guidelines interact, answer questions about the evidence that the government has in this case, answer questions about how probation interviews are done and what the importance of probation interviews are and how the Court ultimately makes the ruling on judgment and sentencing and is not a party to any plea agreement.

The time requested by defense counsel will ensure that the defendant plea of guilty is knowing, intelligent and voluntary.

This additional time will in the long run conserve and save precious judicial

1  resources that can be allocated else where, will conserve and save precious
2  department of justice resources that can be allocated else where.
3      Finally, this will allow both the government and the defense to explore the
4  issue of venue raised by the Court.
5          The parties stipulate and agree that time under the Speedy Trial Act
6  shall continue to be excluded **from Friday, August 29, 2008,  up to and including**
7  **Friday, October 10,  2008, under** the Speedy Trial Act under Local Code T-4 (**time**
8  **for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

                                Respectfully submitted,

                                McGREGOR W. SCOTT
                                UNITED STATES ATTORNEY

                                /s/ Jason Hitt by telephone  authorization
DATED: 8-27-08                  _____
                                JASON HITT
                                Assistant United States Attorney
                                Attorney for the Plaintiff

                                /s/ Evans D. Prieston., by telephone authorization
DATED: 8-27-08                  _____
                                Evans D. Prieston
                                Attorney for defendant EDWARD ROSILLO

                                /s/ David W. Dratman by telephone authorization
DATED: 8-27-08                  _____
                                David W. Dratman
                                Attorney for defendant SAMUEL NUNGARAY

                                /s/ James R. Greiner
DATED: 8-27-08                  _____
                                JAMES R. GREINER
                                Attorney for defendant GUSTAVO BANUELOS

5

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August   27, 2008.

/s/ **EDWARD J. GARCIA**
**UNITED STATES SENIOR**
**DISTRICT COURT JUDGE**