1  **JAMES R. GREINER, ESQ.**
   CALIFORNIA STATE BAR NUMBER 123357
2  **LAW OFFICES OF JAMES R. GREINER**
   555 UNIVERSITY AVENUE, SUITE 290
3  SACRAMENTO, CALIFORNIA 95825
   TELEPHONE:(916) 649-2006
4  FAX: (916) 920-7951

5  ATTORNEY FOR DEFENDANT
   GUSTAVO BANUELOS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR.-S-08-125-EJG |
|---|---|---|
| PLAINTIFF, | ) | STIPULATION AND PROPOSED ORDER TO CONTINUE STATUS CONFERENCE TO JUNE 19, 2009 |
| v. | ) | |
| EDWARD ROSILLO ,et al., | ) | |
| DEFENDANTS. | ) | |

   Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Jason Hitt, and the defendants: 1- Edward Rosillo represented by his attorney, Mr. Evans D. Prieston; 2- defendant Samuel Nungaray represented by his attorney Mr. David W. Dratman; and 3- defendant Gustavo Banuelos represented by his attorney, Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for Friday, March 20, 2009, at 10:00 a.m. before the Honorable Senior District Court Judge, Edward J. Garcia, shall be continued to Friday, June 19, 2009, at 10:00 a.m..

   The Court's courtroom deputy, Ms. Colleen Lydon, was contacted and the date was available on the Court's calendar. There is no trial date set and two of the defendants are in custody , with one defendant, Edward Rosillo, being released on

1

pretrial conditions. (See Docket Entries #'s 29, 31, 32, 33, 34, 35, and 37).

The parties stipulate and agree that time shall be excluded from the speedy trial act from Friday, March 20, 2009 to and including Friday, June 19, 2009, under Title 18 section 3161(h)(8)(B)(ii) and Local Code T-4 for attorney preparation in the case.

The status of the case is as follows:

On March 4, 2008 the government filed a sealed complaint against defendant GUSTAVO BANUELOS. (See Docket # 1) The Court granted the government's motion to seal the complaint. (See Docket # 3 and 4).

On March 7, 2008, the government filed a complaint against defendants SAMUEL NUNGARAY and EDUARDO ROSILLO. (See Docket Entry # 1). These defendants made their initial first appearance on March 7, 2008.

On March 10, 2008, the government moved to unseal the complaint against defendant GUSTAVO BANUELOS and this defendant made his first appearance. (See Docket Entries #'s 6 and 7).

On March 20, 2008, the government filed an Indictment in this case against all three defendants, EDUARDO ROSILLO, SAMUEL NUNGARAY and GUSTAVO BANUELOS. (See Docket Entry # 10) On March 20, 2008, defendant SAMUEL NUNGARAY appeared before the Magistrate and set a status conference date of April 11, 2008. (See Docket Entry # 12) On that date a substitution of attorneys for defendant SAMUEL NUNGARAY occurred. The Court signed the substitution of attorney order. (See Docket Entry # 15) The case was set for a status conference on April 11, 2008. (See Docket Entry # 12)

On March 24, 2008, defendant GUSTAVO BANUELOS was arraigned before the Magistrate. (See Docket Entry # 18). The case was set for a status conference on April 11, 2008. (See Docket Entry # 18)

On April 11, 2008, a status conference was held in this matter. The matter was continued to May 2, 2008, with time excluded under the Speedy Trial Act under

Local Code T-4, time for defense counsel to prepare. (See Docket Entry # 19).

On April 30, 2008, the government filed a stipulation and proposed Order to continue the case to June 13, 2008. (See Docket Entry # 23) The Court signed the Stipulation and Ordered the case continued for a status conference to June 13, 2008. (See Docket Entry # 24)

On June 13, 2008, the Court held a status conference. The issue of jurisdiction was addressed and resolved by the Court. The matter was continued to August 29, 2008, with time excluded under the Speedy Trial Act under Local Code T-4, time for defense counsel to prepare. (See Docket Entries #'s 28 and 30)

On August 27, 2008, the defense filed a Stipulation and proposed Order to continue the status conference to October 10, 2008. (See Docket Entry # 40). The Court signed the Stipulation on August 28, 2008, continuing the case to Friday October 10, 2008, with time excluded under the Speedy Trial Act under Local Code T-4, time for defense counsel to prepare. (See Docket Entry # 41).

On October 8, 2008 (See Docket Entry #42), the defense filed a Stipulation and Proposed Order to continue the Status Conference. On October 16, 2009, (See Docket Entry # 43), the Court signed the Order continuing the matter to November 7, 2009, excluding time under the Speedy Trial Act under local Code T-4, time for defense counsel to prepare.

On November 7, 2008, the parties appeared before the Court giving a status report on the case and requesting a further status on January 23, 2009, with the Court excluding time under the Speedy Trial Act under local Code T-4, time for defense counsel to prepare. (See Docket Entry # 44)

On January 23, 2009, the parties appeared before the Court giving a status report on the case and requesting a further status on March 20, 2009, with the Court excluding time under the Speedy Trial Act under local Code T-4, time for defense counsel to prepare. (See Docket Entry # 45)

The parties now request a continuance of the status conference to Friday, June 19, 2009, with the reasonable probability of change of pleas on that date. All three defendants have proposed plea agreements that counsel need to review with their respective clients. The reviewing of the plea agreements and the decision whether to enter into a plea agreement is a critical stage of the criminal proceedings. (Delva v. U.S., Slip Copy, 2008 WL 868241, page 8, S.D. Fla., 2008; citing to Johnson v. Duckworth, 793 F.2d 898-900-02, (7th Cir) cert. denied 479 U.S. 937 (1986) and United State ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir, 1982) and Beckman v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1991).

What defense counsel are requesting is sufficient time to review the plea agreement with each defendant, go over the complicated Advisory Sentencing Guidelines with each defendant, answer the defendants' questions about the plea and how the advisory sentencing guidelines interact, answer questions about the evidence that the government has in this case, answer questions about how probation interviews are done and what the importance of probation interviews are and how the Court ultimately makes the ruling on judgment and sentencing and is not a party to any plea agreement.

The time requested by defense counsel will ensure that the defendant plea of guilty is knowing, intelligent and voluntary.

This additional time will in the long run conserve and save precious judicial resources that can be allocated else where, will conserve and save precious department of justice resources that can be allocated else where. This will end up being a cost savings to both the Court and the government.

The parties stipulate and agree that time under the Speedy Trial Act shall continue to be excluded **from Friday, March 20, 2009, up to and including Friday, June 19, 2009, under** the Speedy Trial Act under Local Code T-4 (**time for defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

Respectfully submitted,

LAWRENCE G. BROWN
ACTING UNITED STATES ATTORNEY

DATED: 3-19-09

/s/ Jason Hitt by e mail authorization
_____
JASON HITT
Assistant United States Attorney
Attorney for the Plaintiff

DATED: 3-19-09

/s/ Evans D. Prieston., by telephone authorization
_____
Evans D. Prieston
Attorney for defendant EDWARD ROSILLO

DATED: 3-19-09

/s/ David W. Dratman by e mail authorization
_____
David W. Dratman
Attorney for defendant SAMUEL NUNGARAY

DATED: 3-19-09

/s/ James R. Greiner
_____
JAMES R. GREINER
Attorney for defendant GUSTAVO BANUELOS

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: March 19, 2009.

/s/ Edward J. Garcia
**EDWARD J. GARCIA
UNITED STATES SENIOR
DISTRICT COURT JUDGE**

5